## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BRANDON J. DAVIS, SR.,

      Petitioner,

v.                                                            CIV 05-1171 JB/WPL

RICHARD LUCERO/ JOY DELORES (L.D.C.),
ROLAND E. JOHNSON, GOVERNOR OF
PUEBLO OF LAGUNA, AND THE
ATTORNEY GENERAL OF NEW MEXICO,

      Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Brandon J. Davis, Sr. pleaded guilty in Pueblo of Laguna Tribal Court to intoxication, domestic abuse, assault on a police officer, resisting arrest, child neglect, child abuse, and prohibited acts. (Doc. 12 Ex. 5, 8.) He was sentenced to two years in jail, followed by one year of probation. (Doc. 12 Ex. 8.)

Davis has filed a petition for writ of habeas corpus in this Court. He contends that he was denied his Sixth Amendment right to appointed counsel. He also raises several complaints about the imposition and execution of his sentence, as well as the conditions under which he has been confined. (Doc. 1.)[1]

---

[1] Davis used this Court's form for habeas petitions filed under 28 U.S.C. § 2254, which applies to petitioners who are in custody pursuant to a state-court judgment. Because Davis's detention results from a tribal-court judgment, the proper procedural vehicle for his habeas petition is either 25 U.S.C. § 1303 or 28 U.S.C. § 2241. *See Dry v. CFR Court of Indian Offenses*, 168 F.3d 1207, 1208 & n.1 (10th Cir. 1999). Since Davis is pro se, I will overlook his invocation of 28 U.S.C. § 2254 and consider his petition under the proper statutes. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court.").

Roland E. Johnson, the Governor of the Pueblo of Laguna, and Joy Delores, the Detention Officer at the Pueblo of Laguna Detention Center (Respondents), have filed a motion to dismiss and memorandum in support. (Doc. 13.) After considering the motion and memorandum, Davis's response, Respondents' reply, and the tribal court record, I recommend that the motion be granted.

## PROCEDURAL DEFAULT

The tribal court sentenced Davis on January 26, 2004. (Doc. 12 Ex. 7.) Davis did not appeal his convictions or sentence to the Pueblo of Laguna Court of Appeals. (Doc. 1 at 3.) On January 13, 2005, he filed an "Application for Parole/Early Release," which the tribal court orally denied. (Doc. 12 Ex. 9, 12.) Davis did not appeal the denial of the application. (Doc. 1 at 4.) On May 11, 2005, he filed two documents entitled "Request to Reconsider Application for Early Release." In these requests, he raised for the first time the arguments he now makes in this habeas proceeding. (Doc. 12 Ex. 15.) The tribal court has not ruled on the requests. (Doc. 9 at 4-5.)

Respondents argue that some of Davis's claims have been procedurally defaulted because he did not appeal his conviction or sentence, nor did he appeal the denial of his Application for Parole/Early Release.[2] They rely on Rule 1 of the Rules of Procedure for Pueblo of Laguna Court of Appeals, *Coleman v. Thompson*, 501 U.S. 722 (1991), and *Hawkins v. Mullin*, 291 F.3d 658 (10th Cir. 2002). (Doc. 13 at 5.)

Rule 1 of the Rules of Procedure for Pueblo of Laguna Court of Appeals provides that "[a]ppeals may be taken by any party to an action from an order or judgment of the Laguna Tribal Court." (Doc. 13 Ex. 20 at 1.) The tribal court is required to file its order or judgment within thirty

---

[2] Respondents do not assert that Davis's claims regarding the conditions of his confinement are procedurally defaulted.

days of the hearing or trial. Within two days after the order or judgment is filed, the court must send the parties a copy of the filed order or judgment, along with an explanation of the right to appeal and the rules of procedure governing appeals. These documents must be sent by certified mail, restricted delivery, return receipt requested. A notice of appeal must be filed no later than fifteen days after receipt of the order or judgment. *Id.*

In *Coleman*, a habeas proceeding arising from state court, the Supreme Court held that if a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas . . . ." 501 U.S. at 735 n.1. In *Hawkins*, another habeas proceeding arising from state court, the Tenth Circuit refused to review the merits of an unexhausted claim because the state courts would consider the claim procedurally barred. 291 F.3d at 668-70.

The procedural default concept discussed in *Coleman* and *Hawkins* only applies when the state has a "firmly established and regularly followed" rule regarding the procedural default. *See Osborn v. Shillinger*, 861 F.2d 612, 618 (10th Cir. 1988); *see also Wheat v. Thigpen*, 793 F.2d 621, 625 (5th Cir. 1986) ("If the state does not clearly announce the procedural rule . . . then the federal courts may reach the issue . . . ."). The only tribal law cited by Respondents is the requirement that an appeal be filed within fifteen days of receipt of the judgment or order. They seem to infer from this requirement that the failure to raise a claim in a timely appeal results in waiver of the claim. Respondents have not, however, cited any tribal statute setting forth this waiver rule. Nor have they cited any case law announcing the rule or finding a waiver in this situation.

Respondents also have not shown that the time for Davis to appeal has expired. Under Rule

1, the tribal court was required to file the judgment within thirty days of the hearing and, within two days later, to send Davis--by certified mail, restricted delivery, return receipt requested--a copy of the "filed order," an explanation of the right to appeal, and the rules of procedure governing appeals. The fifteen-day period for filing the notice of appeal runs "from the date of receipt of the order or judgment . . . ." (Doc. 13 Ex. 20 at 1.)  Respondents have offered no proof that they sent the judgment to Davis or that he received it.[3]  Regarding the Application for Parole/Early Release, Respondents have not shown that the denial of that application was ever reduced to writing, much less filed and sent to Davis.

Thus, it is unclear whether Davis's claims have been exhausted or procedurally defaulted in tribal court. It is clear, however, that Davis's claims are meritless. Therefore, the best course is to consider the substance of the claims. *See Granberry v. Greer*, 481 U.S. 129, 135 (1987).

### CLAIMS REGARDING DENIAL OF COUNSEL

Davis asserts that he was denied the assistance of appointed counsel in violation of the Sixth Amendment. The trial judge informed Davis during his arraignment that he was entitled to the assistance of counsel at his own expense, and Davis indicated that he understood this right. (Doc. 12 Ex. 2, 4.) Davis did not retain counsel. (Doc. 12 Ex. 7.) In addition to seeking to invalidate his uncounseled convictions, Davis seeks a declaration that they cannot be used against him in any subsequent proceeding.

As Respondents correctly point out, the Sixth Amendment does not apply in tribal prosecutions. Because they are "separate sovereigns pre-existing the Constitution, tribes have

---

[3] I also note that the copy of the judgment and sentence does not have a file stamp. (Doc. 12 Ex. 8.) Therefore, I cannot determine when, if ever, it was filed.

historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). Tribes are constrained only by the provisions of the Indian Civil Rights Act (ICRA), which imposes restrictions that are "similar, but not identical, to those contained in the Bill of Rights and the Fourteenth Amendment." *Id.* at 57. The ICRA prohibits tribes from denying "to any person in a criminal proceeding the right . . . *at his own expense* to have the assistance of counsel for his defense." 25 U.S.C. § 1302(6) (emphasis added). Thus, the ICRA does not require the appointment of counsel for indigents in criminal cases. *Martinez*, 436 U.S. at 63; *United States v. Benally*, 756 F.2d 773, 779 (10th Cir. 1985). The Tenth Circuit has specifically held that uncounseled tribal convictions may be considered in sentencing for subsequent offenses. *Benally*, 756 F.2d at 779.

Because Davis had no right to the appointment of counsel under the Sixth Amendment or the ICRA, his claims regarding the denial of counsel are without merit.

### CLAIMS REGARDING THE SENTENCE

Davis raises several claims regarding the imposition and execution of his sentence and the conditions of his confinement. The ICRA prohibits tribes from inflicting cruel and unusual punishment, denying equal protection of their laws, and depriving any person of liberty without due process of law. *See* 25 U.S.C. § 1302(7), (8).

Davis served at least part of his sentence in the Cibola County Detention Center (CCDC). It is undisputed that he was released from CCDC shortly after he filed his federal habeas petition. (Doc. 13 Ex. 21.) He has now served the entire term of imprisonment imposed by the Laguna Tribal Court, but is still on probation. (Doc. 21, 22.) Davis is currently incarcerated at Acoma Pueblo for charges unrelated to this proceeding. (Doc. 12 Ex. 10, Doc. 14 Ex. 22, Doc. 22.)

He asserts that an "imposed term of imprisonment of more than 364 days is not to be served in a county jail," that a "county jail does not provide any provisions for rehabilitation [or] case worker management," and that "being housed in concrete cubicles without any programs or counsel to rely on to assist me and advi[s]e me, has caused deep inter-reflections that I do not ever want to be sent back." (Doc. 1 at 7.) Because Davis is no longer incarcerated at CCDC, these claims are moot. *See Boyce v. Ashcroft*, 268 F.3d 953, 954 (10th Cir. 2001) (*Boyce II*).[4]

Davis also complains that he was not allowed to earn good-time credits while he was incarcerated at CCDC. He does not allege that he would have been entitled to mandatory good-time credits if he had been incarcerated at the Laguna Detention Center. Respondents assert that the laws of the Pueblo of Laguna do not provide for good-time credits. (Doc. 13 at 12.) Therefore, Davis has not shown that his inability to earn good-time credits resulted in a denial of a protected liberty interest. *See Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006).

Finally, Davis argues that "the 364 day consecutive sentences are inappropriate, unjust, and unfair." (Doc. 1 at 7.) Like Respondents, I construe this as an argument that the length of his sentence amounts to cruel and unusual punishment.

Cases construing the Eighth Amendment may be used as guidance in construing the ICRA's

---

[4] Generally, "conditions of confinement" claims are not cognizable in habeas and should instead be brought under 42 U.S.C. § 1983. *See Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001) (*Boyce I*). *But see Wheeler v. Swimmer*, 835 F.2d 259, 261 (10th Cir. 1987) ("[The ICRA] confers no subject matter jurisdiction . . . for declaratory, injunctive, and monetary damage remedies. The only federal relief available under the [ICRA] against a tribe or its officers is a writ of habeas corpus."); *R.J. Williams Co. v. Fort Belknap Housing Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) ("[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law."). Davis's complaints about being kept in a concrete cubicle without access to various programs seem to be conditions-of-confinement claims. *See Boyce I*, 251 F.3d at 914, 918. But because these claims are unquestionably moot, it is not necessary to consider whether they are cognizable in this habeas proceeding. *See Boyce II*, 268 F.3d at 955.

prohibition on cruel and unusual punishment. *Ramos v. Pyramid Tribal Court*, 621 F. Supp. 967, 970 (D. Nev. 1985). The Eighth Amendment does not require strict proportionality between the crime and the sentence, but forbids only extreme sentences that are grossly disproportionate to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality opinion). Generally, a sentence that is within the statutory range will not be regarded as cruel and unusual. *Hawkins v. Hargett*, 200 F.3d 1279, 1284-85 (10th Cir. 1999).

The ICRA provides that a tribe may impose no more than one year of imprisonment for any one offense. 25 U.S.C. § 1302(7). Davis was convicted of seven offenses, including abusing his mother-in-law and assaulting a police officer. A term of imprisonment totaling two years does not amount to cruel and unusual punishment in this situation. *See Hawkins*, 200 F.3d at 1284-85 & n.5; *see also Ramos*, 621 F. Supp. at 970 (rejecting ICRA cruel and unusual punishment complaint about consecutive sentences and observing that "the imposition of consecutive sentences for numerous offenses is a common and frequently exercised power of judges").

### RECOMMENDATION

I recommend that the motion to dismiss (Doc. 13) be granted, the petition for writ of habeas corpus (Doc. 1) be denied, and this cause be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE